UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAMONA MOSES,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES,
LTD., a Liberian Corporation,

Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, RAMONA MOSES, by and through the undersigned attorney, hereby files this Complaint for Damages and Demand for Jury Trial and sues Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation (hereinafter "RCCL"), and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, RAMONA MOSES is and was a resident of the state of California.

4. At all times material hereto, RCCL was incorporated in Liberia, and has its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, RCCL owned, operated, maintained, managed, and/or controlled the cruise ship the *RCCL Liberty of the Seas*.

7. On or about May 20, 2019, RAMONA MOSES was a fare-paying passenger aboard the *RCCL Liberty of the Seas*.

8. On or about May 20, 2019, RAMONA MOSES was walking in a high-traffic passenger area when she slipped and fell on the unreasonably slippery interior flooring near Guest Services that had water and/or another liquid substance on it.

9. As a result of this incident, RAMONA MOSES sustained serious injury.

10. NOTICE: RCCL knew or should have known that the subject flooring was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that flooring material aboard the *Liberty of the Seas* and other vessels in its fleet of cruise ships. *See Cosmo v. RCCL Corporation,* 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and believe RCCL has received several passenger complaints/comments about the unreasonably dangerous nature of the interior flooring in its fleet. In addition, upon information and belief, RCCL knew or should have known that the interior flooring on *Liberty of the Seas* was unreasonably dangerous as a result of its participation design and construction of the *Liberty of the Seas*. *See Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012). RCCL knew or should have known of the unreasonably dangerous condition of its interior flooring

surfaces because the design and operation methods used by RCCL for these interior flooring surfaces deviated from accepted industry safety practices and standards. *See, Holderbaum v. RCCL,* 87 F. Supp. 3d. 1345 (S.D. Fla. 2015)(J. Lenard). In addition, RCCL knew or should have known of the dangerous liquid substance on the floor because it had employees in the area and there was sufficient time for the employees to appropriately warn of and clean the dangerous substance. *See Thomas v. NCL (Bahamas) Ltd.,* 203 F. Supp. 3d 1189, 1192 (S.D. Fla. 2016).

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

11. <u>DUTIES OWED</u>: At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Liberty of the Seas*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers. *See, Brown v. RCCL Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro)(citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

12. RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

13. RCCL breached the aforementioned duties of care owed to RAMONA MOSES in the following ways:

    a. Failing to reasonably warn passengers that the interior flooring surface becomes unreasonably slippery when wet;

    b. Failing to warn passengers that the floor was wet;

    c. Failing to place warning signs on the interior flooring indicating that the interior flooring was wet; and

    d. Failing to exercise reasonable care under the circumstances;

14. As a direct and proximate result of the aforementioned negligence of RCCL, Plaintiff, RAMONA MOSES, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT FAILURE TO CLEAN**

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

15. <u>DUTIES OWED:</u> At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Liberty of the Seas*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

16. RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior flooring when wet.

17. RCCL breached the aforementioned duties of care owed to RAMONA MOSES in the following ways:

   a. Failing to maintain the vessel, including the interior flooring surface, in a reasonably safe condition by keeping it clean and dry;

   b. Failing to take reasonable precautionary measures to prevent water and/or other liquid substances from spilling onto the floor in a high-traffic area used by passengers;

   c. Failing to take reasonable precautionary measures to prevent water and/or other liquid substances from remaining on the floor in a high-traffic area used by passengers;

   d. Failing to clean the liquid substance on the deck when RCCL, through its employees and agents, knew or should have known about the existence of the liquid substance on the interior flooring; and

   e. Failing to exercise reasonable care under the circumstances;

18. As a direct and proximate result of the aforementioned negligence of RCCL,

Plaintiff, RAMONA MOSES, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL**
**OF THE SUBJECT DECK**

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

19. <u>DUTIES OWED:</u> At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Liberty of the Seas*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel that the cruise line participated in either designing,

construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

20. RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably design, construct the subject area as well as their negligent approval of the unreasonably dangerous interior flooring surface.

21. RCCL breached the aforementioned duties of care owed to RAMONA MOSES in the following ways:

   a. Failing to provide a reasonably safe walking space for passengers, including RAMONA MOSES, for use under foreseeable conditions, including when wet;

   b. Failing to provide a walking surface that was reasonably slip-resistant under foreseeable operating conditions, including when wet;

   c. Failing to comply with industry building, construction, design, and safety standards;

   d. Failing to design a reasonably safe walking space for passengers, including RAMONA MOSES;

   e. Approving and implementing the design of the interior flooring, including the use of the specific flooring that caused RAMONA MOSES' fall, despite RCCL's knowledge that this material was unreasonably slippery when wet and therefore, unfit for use on an interior flooring; and

   f. Other acts of negligence to be discovered throughout discovery.

22. As a direct and proximate result of the aforementioned negligence of RCCL, Plaintiff, RAMONA MOSES, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT MAINTENANCE OF THE FLOORING SURFACE

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

23. <u>DUTIES OWED:</u> At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Liberty of the Seas*, in a reasonably safe condition and manner. *Carroll v. Carnival Corporation*, No. 17-13602 (11th Cir.

2020); *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

24.     RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior decks when wet.

25.     RCCL breached the aforementioned duties of care owed to RAMONA MOSES in the following ways:

   a. Failing to comply with manufacturer standards/guidelines for cleaning the subject interior flooring;

   b. Failing to utilize a reasonable and appropriate maintenance practice and schedule for the subject flooring material;

   c. Failing to resurface the subject flooring material when appropriate;

   d. Failing to use a maintenance practice to preserve the slip-resistance of the flooring surface as originally installed;

   e. Failing to sufficiently de-grease the subject flooring surface, and

   f. Failing to use reasonable care in the maintenance of the subject flooring material.

26.     As a direct and proximate result of the aforementioned negligence of RCCL, Plaintiff, RAMONA MOSES, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT V
## NEGLIGENT CREATION OF THE DANGEROUS CONDITION

Plaintiff hereby adopts and incorporates paragraphs 1 through 10 as if fully set-forth herein, and alleges as follows:

27.  DUTIES OWED: At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Liberty of the Seas*, in a reasonably safe condition and manner. *Carroll v. Carnival Corporation*, No. 17-13602 (11th Cir. 2020); *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

28.  RCCL is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior decks.

29.  RCCL breached the aforementioned duties of care owed to RAMONA MOSES in the following ways:

   a.  Creating the subject dangerous condition by spilling the liquid substance on the

    floor;

  b. Failing to use reasonable care in pouring champagne for guests which resulted in champagne spilling on the floor;

  c. Failing to use reasonable care in handling glasses and bottles of champagne which resulted in champagne spilling on the floor; and

  d. Failing to use reasonable care under the circumstances.

30. As a direct and proximate result of the aforementioned negligence of RCCL, Plaintiff, RAMONA MOSES, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**FLANAGAN PERSONAL INJURY &
WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza
Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636


By:  */s/ Michael T. Flanagan*

Michael T. Flanagan, Esq.
Fla. Bar No. 0091072
Primary E-mail: mtf@Florida-Justice.com
Secondary E-mail: mtfassistant@Florida-Justice.com